

**KARLINSKY LLC**
COUNSELLORS AND LITIGATORS

103 MOUNTAIN ROAD
CORNWALL-ON-HUDSON, NY 12520

MARTIN E. KARLINSKY
 FOUNDER AND SOLE MEMBER
646.437.1430 / 646.437.1433 FAX
917.623.9102 CELL
MARTIN.KARLINSKY@KARLINSKYLLC.COM
WWW.KARLINSKYLLC.COM

November 3, 2020

**VIA ECF**

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 701
New York, New York 10007

*Re:    Jason Diamond v. ShiftPixy, Inc. and Scott Absher, 20-civ-7305(LJL)*

Dear Judge Liman,

This law firm represents defendants ShiftPixy, Inc.("ShiftPixy") and Scott Absher ("Absher") in the above-referenced action. We move by letter motion for a stay of discovery pending decision of our motion to dismiss under Fed. R. Civ. P. 12(b)(6) as to both defendants and under Fed. R. Civ. P. 12(b)(2) as to defendant Absher. We filed our motion to dismiss on October 23, 2020. By agreement, plaintiff's last date to oppose the motion is November 20, 2020. Counsel will appear telephonically on November 13, 2020 at 11:00 a.m. for the Rule 26(f) conference. The parties have today filed a proposed case management plan and scheduling order. However, we noted in Item 16 of that filing that we intended to seek a stay of discovery. Plaintiff noted in the same item that he would oppose the motion for a stay.

Although we acknowledge that our Rule 12 motions do not trigger an automatic stay of discovery, courts have found ample authority to grant such stays under Fed. R. Civ. P. 26(c) and 26(d). In *Ema Financial, LLC  v. Vystar Corp*., ___ F.R.D. ___, 2020 WL 4808650 (S.D.N.Y Aug. 18, 2020), Magistrate Judge Gorenstein recently summarized the law as follows.

> "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Fed. R. Civ. P. 26(c). *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc*., 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *accord Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc*., 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). Fed. R. Civ. P. 26(d) also allows the Court to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide the entire case. *Thrower v. Pozzi*, 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002) (citing *Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999)).

Hon. Lewis J. Liman
United States District Judge
November 3, 2020
Page 2

*Ema Financial,* 2020 WL 4808650, at *2.

The court went on to observe that, "Courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* at *3 (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks, alteration, and citation omitted); citing *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1).  Finally, Magistrate Judge Gorenstein held the party seeking a stay must carry the burden of presenting "substantial arguments for dismissal[ ]." *Id*. (citing *Hong Leong Fin. Ltd. (Singapore)*), 297 F.R.D. at 72 [quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (additional citation omitted)]). He concluded that the standard requires "a strong showing that the [opposing party's] claim is unmeritorious." *Id*. (citations omitted).

This action is in essence for breach of an Investment Banking Agreement to deliver warrants for the purchase of ShiftPixy common stock. The predicate of plaintiff's claims is that he is contractually entitled to warrants that contain full-ratchet anti-dilution protections. Because he claims that this anti-dilution protection multiplied his original warrant entitlement (67,285 warrants) by a factor of 18,000, he now claims entitlement to the issuance of warrants for 1.2 *billion* shares of ShiftPixy's common stock.  (To put this in perspective, ShiftPixy's most recent 10-Q reflects that its number of authorized and issued common shares is 16.6 *million* shares.)

ShiftPixy argues in its motion to dismiss that the complaint fails to state a plausible claim for breach of contract because the contract under which plaintiff sues and the only instrument under which he possesses rights, the Investment Banking Agreement between plaintiff's former firm, Drexel Hamilton, LLC, and ShiftPixy (*see* Dkt. 18, Attachment 1), *does not provide for warrants that contain a full-ratchet anti-dilution provision*.  While such warrants were granted to *investors* that plaintiff's firm introduced to ShiftPixy, the contract under which those warrants were purchased from ShiftPixy is wholly distinct from the Investment Banking Agreement, the *only* agreement under which plaintiff claims to have rights.  For these reasons, we argue that the contract claims do not assert plausible claims for relief.

With respect to defendant Absher, plaintiff asserts claims for breach of fiduciary duty and interference with contract.  We argue that the breach of fiduciary duty claim cannot survive because plaintiff must allege that he is a shareholder of ShiftPixy to whom its officers owed fiduciary duties.  He does not.  As to the claim for interference with contract, we argue that, in the circumstances present and pleaded in this case, as a matter of law no claim may be asserted against an officer of a corporation for tortious interference with a contract between that corporation and a third party.  Finally, with respect to personal jurisdiction, we argue that plaintiff does not allege facts to establish, and cannot prove, the requisites of personal

KARLINSKY LLC

Hon. Lewis J. Liman
United States District Judge
November 3, 2020
Page 3

jurisdiction detailed in Rule 302 of the N.Y. Civil Practice Law and Rules, the only possible jurisdictional predicate.

While this is at core a simple breach of contract case, plaintiff, of course, seeks the full panoply of discovery, extending over six (6) months, and including almost all of the discovery devices provided for by the federal rules. Because ShiftPixy is a public company, and because plaintiff's claims are related to a relatively complex securities issuance of convertible notes and warrants, document discovery is likely to be extensive and, by the very nature of the matter, will require significant electronic discovery, entailing material costs for compilation and hosting. That burden is likely to fall more heavily on defendants. While we do not yet know how many depositions will be required, there will certainly be more than a few, and, while we also do not yet know what experts will be required, the case is likely to generate expert discovery. (ShiftPixy and Absher are now located in Florida, and necessary travel will entail time and expense as well.) Finally, the motions to dismiss are directed to all claims and, if successful, will result in dismissal of the case. We do not believe that plaintiff can point to any prejudice from a short delay while the Court considers whether this action may proceed at all.

We do not wish to burden the Court further on this application, and to save further time and resources would refer the Court to our filed motion papers.

                        Respectfully

                        Martin E. Karlinsky

MEK/ks

cc:     Alan L. Frank, Esq. (via ECF)
          Attorney for Plaintiff

At discussed at the November 13, 2020 status conference, the motion to stay discovery pending the outcome of the motion to dismiss is GRANTED.

SO ORDERED. 11/16/2020.

LEWIS J. LIMAN
United States District Judge

KARLINSKY LLC